IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JOHANNA M. B,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE DECISION OF THE COMMISSIONER<br><br>Case No. 2:20-cv-00434-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Johanna M. B's ("Plaintiff") appeal of the Commissioner's final decision denying her application for widow's insurance benefits ("WIB") under Title II of the Social Security Act and application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 405(g). Having considered the parties' memoranda and the record, the court affirms the Commissioner's decision.[1]

## BACKGROUND

Plaintiff applied for WIB and SSI on February 9, 2017,[2] alleging disability as of November 1, 2013. (Tr. 259-267). Plaintiff alleges disability due to physical and mental impairments including diabetic peripheral neuropathy. To establish disability, Ms. Babcock must show that she has an

---

[1] The parties consented to jurisdiction of the undersigned in accordance with 28 U.S.C. § 636(b)(1)(c). (ECF No. 13.) The court elects to decide this case based on the written record.

[2] Plaintiff's brief states that she applied for WIB and SSI on February 9, 2017, in the Commissioner's brief says Plaintiff applied for benefits in January of 2017, and the ALJ's decision states Plaintiff applied for benefits on January 19, 2017. Thus, there is some disparity concerning the application date. The differences are nominal, however, and do not affect the court's decision.

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ….." 42 U.S.C. § 423(d).

Plaintiff's application was denied initially and upon reconsideration. (Tr. 174-177, 178-181, 185-186, 187-189). Plaintiff then sought a hearing before an Administrative Law Judge ("ALJ") and, after the hearing, the ALJ issued a decision denying the benefits on May 12, 2019 according to the five-step sequential evaluation process. (Tr. 10-20). See 20 CFR 404.1520(a) (describing the five-step evaluation process); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework the Social Security Administration uses to determine disability).

At step two, the ALJ found Plaintiff has severe impairments including borderline intellectual functioning, personality disorder, depression, and arthritis in hands. (Tr. 13-14). The ALJ determined that Plaintiff's diabetes was not severe. The ALJ explained that although Plaintiff's diabetes was uncontrolled in the past due to non-compliance with treatment, it is controlled with compliance to treatment. (Tr. 14). Plaintiff seeks judicial review of the finding of non-severity related to the diabetes and alleges subsequent non-consideration at later steps.

The ALJ concluded at step three that Plaintiff's impairments, separate or in combination, do not meet or medically equal the severity of the listed impartments. *See* 20 C.F.R. § 404, Subp P. Appx 1 (20 C.F.R. 404. 1520(d), 404.1525, and 404.1526). The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform medium work as defined in the regulations with certain limitations. *See* 20 CFR 404.1567(c) and 416.967(c). (Tr. 14-19). After considering the medical evidence in the record, and the testimony of a vocational expert, the ALJ found at step four that Plaintiff could perform past relevant work as a stocker. Thus, Plaintiff was not disabled. (Tr. 19).

The Appeals Council subsequently denied review, making the ALJ's decision the Commissioner's final decision for purposes of review. (Tr. 1-6). *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). On appeal, Plaintiff asserts the ALJ erred by failing to find her diabetic peripheral neuropathy a severe impairment.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citations omitted). The Commissioner's finding, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citations omitted). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In the context of a social security appeal, "the threshold for such evidentiary sufficiency is not high." *Id.* "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citations omitted). Finally, the court "examine[s] the record as a whole, including whatever in the record fairly detracts from the weight of the [ALJ's] decision and, on that basis, determine[s] if the substantiality of the evidence test has been met." *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994) (quotations and citations omitted.)

An impairment is "not severe" when the "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987). The Tenth Circuit has held that certain minor errors are not enough to "undermine confidence in the determination of the case" and do not constitute reversible error. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

## DISCUSSION

On appeal, Plaintiff asserts the ALJ erred at step two when he failed to find Plaintiff's diabetic peripheral neuropathy severe, and failed to consider this impairment in subsequent steps of the evaluation process. Pla. Brief. p. 5. According to Plaintiff, the ALJ committed reversible error because he stated in the decision, "[t]here is also no evidence of neuropathy." (Tr. 14). All parties agree there is at least "a few notations of neuropathy in the record." Opp. Brief at p. 10 n. 4. Plaintiff also acknowledges that several of the evaluating physicians did not find any objective findings of chronic neuropathy resulting from the diabetes, but insists that her condition is not static, and has deteriorated since the unfavorable physician evaluations. Plaintiff relies on her hearing testimony and a Hope Clinic report on May 29, 2018, to support the claim that she suffers from neuropathy. Pl. Reply (Tr. 564).

Clearly, the ALJ's statement that there is no evidence of neuropathy in the record is an error. Plaintiff's own testimony and the Hope Clinic report, found in the record, indicates at least some evidence of neuropathy. The ALJ's error, however, does not undermine confidence in the decision for a number of reasons. First, the ALJ specifically addressed diabetes in the decision noting that Plaintiff uses Metformin and insulin for treatment, indicating periods when Plaintiff's diabetes was uncontrolled due to non-compliance, and noting the lack of permanent end-organ

4

damage from diabetes. (Tr. 13-14). Plaintiff's argument that the ALJ specifically erred by failing to find one symptom of diabetes, diabetic peripheral neuropathy as severe, is undermined by the ALJ's analysis and the record. During the period of non-compliance with treatment, the record provides the opinion of two doctors who both examined Plaintiff, and who both independently determined her diabetes did not cause functional limitations limiting Plaintiff's ability to work. (Tr. 393-97, 456-460).

Second, at step two of the sequential evaluation process, Plaintiff bears the burden of demonstrating an impairment or combination of impairments that significantly limits her ability to do basic work activities. *See Bown v. Yuckert*, 482 U.S. 137, 146 (1987). Plaintiff failed to present evidence that her diabetic peripheral neuropathy significantly limited her ability to do basic work activities. Plaintiff provides no authority requiring the ALJ to evaluate one symptom of diabetes, diabetic peripheral neuropathy, independently of the entire analysis. Moreover, the ALJ determined that Plaintiff's diabetes mellitus is controlled with compliance to treatment. (Tr. 14). Thus, further reducing any potential functional limitations caused by neuropathy.

Third, the ALJ also considered Plaintiff's diabetes and related conditions at the hearing. The ALJ specifically discussed neuropathy with Plaintiff's counsel and considered whether there was any evidence of the ailment in the record. Plaintiff's counsel questioned whether there was an "acceptable medical source that's [sic] mentioned peripheral neuropathy or not", specifically referring specifically to the Hope Clinic record. (Tr. 38). Plaintiff also testified that her diabetes is largely controlled with proper medication. (Tr. 43).

While the court does not discount the veracity of the Hope Clinic record upon which Plaintiff relies, it is insufficient to refute other evidence in the record indicating that Plaintiff does not suffer from neuropathy that significantly limits her ability to do basic work activities.

5

Plaintiff's arguments regarding her neuropathy are in essence an invitation to reweigh the evidence, asking the court to find the Hope Clinic record dispositive. Yet, this is something, which, the court cannot do. See *Madrid*, 447 F.3d at 790.

Taken in total, although the ALJ mistakenly reported a lack of evidence regarding neuropathy, this statement does not undermine the court's confidence in the decision based upon the aforementioned reasons. The ALJ properly considered the evidence of neuropathy in the hearing and in his opinion. The ALJ's misstatement is similar to a scrivener's error or a minor error, and is not material. See *Smith v. Colvin*, 2014 WL 4384705, at *3 (W.D. Okla. Sept. 3, 2014) (concluding a scrivener's error by the psychologist did not undermine the ALJ's decision); *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (stating that errors "minor enough not to undermine confidence in the determination of the case" do not warrant remand) (internal quotation marks omitted).

Plaintiff next argues, in her reply brief, that she is disabled because medical conditions evolve over time. Plaintiff specifically alleges her diabetes has worsened over time. While the court acknowledges medical conditions are not static, and recognizes that Plaintiff may have a future claim for disability, the court is required to review the record before it and decide whether substantial evidence in the record supports the ALJ's decision. Because the record does not support declining conditions, the court rejects this argument.

Finally, Plaintiff argues the ALJ erred by not considering Listing 11.14 for peripheral neuropathy at step three. The court finds this argument unavailing.

An ALJ need not consider a Listing when evidence is lacking to suggest that a plaintiff meets such a Listing. See *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) (finding no error

6

when an ALJ did not consider a Listing because of a lack of evidence in the record). Listing 11.14 provides:

> Peripheral neuropathy, characterized by A or B:
>
> A. Disorganization of motor function in two extremities (see 11.00D1), resulting in an extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities; or
>
> B. Marked limitation (see 11.00G2) in physical functioning (see 11.00G3a), and in one of the following:
>     1. Understanding, remembering, or applying information (see 11.00G3b(i)); or
>     2. Interacting with others (see 11.00G3b(ii)); or
>     3. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
>     4. Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. § Pt. 404, Subpt. P, App. 1. "For a claimant to show that [her] impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Plaintiff fails to cite evidence meeting the specified criteria. ALJs are not required to "exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning. The standard is one of reasonable good judgment." *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir.1997). The record in this case demonstrates the ALJ exercised good judgment in not considering a Listing for which there was a lack of evidence in the record.

## CONCLUSION AND ORDER

On appeal the court is charged with determining whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Lax*, 489 F.3d at 1084. On the record before the court, the court finds the Commissioner's decision is supported by substantial evidence and the correct legal standards were applied. Further, the court finds that any error regarding the ALJ's misstatement concerning

no evidence of neuropathy in the record does not undermine the court's confidence in the decision.

Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

DATED this 22 November 2021.

_____
Dustin B. Pead
United States Magistrate Judge